UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ANDREW D. HOLLIS, on his own behalf and others similarly situated,

Plaintiff,

FILED BY MKG D.C.
APR 14 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

V.

CAREERSOURCE PALM BEACH COUNTY, INC., PALM BEACH WORKFORCE DEVELOPMENT CONSORTIUM, and TIMOTHY MOSS, an individual,

Defendants.

_______________________________________/

COMPLAINT

1. Plaintiff ANDREW D. HOLLIS, (hereinafter

referred to as "Plaintiff"), was an employee of Defendants, CAREERSOURCE PALM BEACH COUNTY, INC., PALM BEACH WORKFORCE DEVOLMENT CONSORTIUM, and TIMOTHY MOSS, an individual, (collectively referred to as "Defendants"), and brings this action on behalf of himself and other current and former employees of Defendants simalarly situated to him for alleged race discrimination, disparate treatment; retaliation in violation of 42 U.S.C. Section 1981; and a violation of Plaintiff FMLA (Florida Medical Leave Act) under Sections 110.221, F.S. and Section 110.219, F.S., and Section 110.1522, F.S; violation of Plaintiff right to serve his mother under the American Disability Act (ADA) of 1990 ultimately, violating Plaintiff civil rights under U.S.C. Section 12101 et seq and Title 18, U.S.C., Section 242-Deprivation of Rights Under Color of Law; and harassing

Plaintiff unlawfully violating Title VII of the Civil Rights Act of 1964.

3. Plaintiff is an individual whose race is Black and who resides in Palm Beach County, Florida, within the jurisdiction of this Court.

4. Plaintiff worked from 2018 until August 2020 for Defendants.

5. Plaintiff last date of employment was August 4, 2020.

6. Plaintiff held the position of Facilitiec Technician during his employment with Defendants

7. Defendants operates in 3 locations in Palm Beach County.

4. Defendants are a non-profit organization that have over a 100 plus employees during Plaintiff employment with them.

5. Jurisdiction is conferred on this Court by Title 28 U.S.C. Section 1337 and by Title 29 U.S.C. Section 216(b). At all times pertinent to this Complaint Careersource Palm Beach County Workforce Development Consortium, and Timothy Moss was and is an enterprise engaged in interstate commerce or in the production of goods for commerce.

6. At all times materials hereto, individual Defendant, TIMOTHY MOSS, was and/or is an individual resident of the State of Florida who owns, supervises, manages, directs, and-/or operates CAREsource and who regulary exercised the authority to hire and fire

employees, determine the work schedules of employees, set the rate pay of employees, manage daily or weekly activities of employees, and control the finances and operations of Careersource Palm Beach Workforce Development Consortium. By virtue of such control and authority, Timothy Moss is an employer of Plaintiff.

7. Timothy Moss interviewed and hired Plaintiff.

8. Plaintiff reported to Timothy Moss throughout his employment.

9. Timothy Moss managed the daily operations of the Facilities Department.

10. Plaintiff reported to Timothy Moss throughout his employment.

11. Timothy Moss had the authority to hire and fire Plaintiff as well as manage his daily work schedule.

12. Jurisdiction is conferred on this Court by 42. U.S.C. Section 1981.

13. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as a substantial part of the events giving rise to this action occurred in Palm Beach County, within the jurisdiction of the United States District Court for the Southern District of Florida.

14. At all times material to this Complaint between December 2018 and August 2020, Plaintiff was qualified to be a "Facilities technician" for Defendants.

15. Plaintiff had prior experience as a "facilities technician."

16. Plaintiff starting pay rate with De-

fendants was $17.00 per hour.

17. Plaintiff ending pay rate was $17.51.

18. Plaintiff worked 40-50 hours per week.

19. Plaintiff ask Defendants to take FMLA Leave between March of 2020 and April of 2020.

20. Defendants denied Plaintiff FMLA Leave. Stating that he did qualify because "he didn't have a child or baby in school that had closed."

21. Plaintiff told Defendants that he did qualify. Because he had a "96" year old mother that was disabled about 85% percent, and needed him and his siblings care daily during the Cov-19 pandemic.

22. Plaintiff did a verbal appeal to De-

fendants, HR Director who had initially denied him.

23. The HR Director, Sue Craig, denied Plaintiff again in violation of his protected rights under the FMLA Florida Statute.

24. However, Defendants approved to other similar employees, white-American women request for FMLA Leave Act.

25. Defendants denied Plaintiff, Black; 2 other similar situated employees that are of color.

26. Plaintiff assisted another Black employee with presenting argument & paperwork for her FMLA Leave Act.

27. The Blackwoman was ultimately denied and forced to resign!

28) Plaintiff was retaliated against by Defendants. Because he challenged them on the denial of his FMLA Leave and he assisted the other Black Woman with pursuing her FMLA Leave rights.

29) Plaintiff challenge & assisting the other similar situated staff member with the FMLA lead to his termination.

30) Plaintiff was threaten to come back to work during COVID-19 or be terminated.

31) In fear of loosing his job. Plaintiff complied.

32. Defendants didn't threat no other department employees of losing their jobs after being sent home on administrative leave.

33. The Facilities Department consist of all Black employees (myself & my supervisor, Timothy Moss).

32. Defendants didn't summon any other departments or staff member back to work at that time but myself and Timothy Moss!

33. Defendants West Palm Beach location should've been closed as the Belle Glade and Delray Beach locations were close!

34. Although West Palm Beach location was open. We were not allowing the public in or at the building for business.

35. When Defendants begin allowing staff to return to work in increments, one department at a time, 3 employees per department alternating.

36. Defendants ordered all staff members to report through the Breakroom Door in the rear of the Building.

37. Upon reporting all staff members would be ordered to have their temperature checked.

38. Scott Frank was one of the frequently staff temperature checker whose a white-American.

39. Each time Plaintiff would enter the Breakroom for temperature check. Scott Frank would approach him in a "noticeably" aggressive manner and place the temperature gun point to his forehead.

40. Plaintiff notice on several occasions that Scott Frank wasn't treating other white-employees in that manner.

41. One ~~more~~ morning when I walked through the Breakroom for temperature with my break-fast in my hand. Scott Frank walked up

to me and pointed the temperature gun in my face without allowing me to put my food down or on the table!

~~42. Plane~~

42. Plaintiff said to him, 'what are you doing? You don't do anyone else like this! Why are you harassing me? I said, "I'm going to file a harassment and discrimination charge against you and report you to my supervisor!"

43. Plaintiff reported the incident to his supervisor, Timothy Moss. However, Mr. Moss never followed back up with me! Because he was part of the retaliation plot or scheme to have me falsely terminated!

44. Ultimately, Plaintiff was terminated without have a "due process" hearing.

45. The Defendants ~~that~~ were out to get Plaintiff.

46. The HR Director, Sue Craig, who has nothing to do with my daily duties!

47. Sue Craig wrote Plaintiff up on some fabricated miscellaneous charges.

48. Scott Frank who has nothing to do with my daily duties wrote Plaintiff up on some fabricated miscellaneous charges also to my supervisor Tim Moss.

48. Tim Moss formulated those false allegations and added some of his own and filed a disciplinary report against Plaintiff.

49. Although the HR Director wrote Plaintiff up and helped my supervisor formulate her false charges and Scott Frank false charges against Plaintiff.

50. Sue Craig, HR Director presided over Plaintiff disciplinary hearing violating my due process right to a fair hearing.

## COUNT I
## Race Discrimination In Violation of 42 U.S.C. Section 1981

Plaintiff Andrew Hollis, reasserts and reaffirms the allegations of Paragraph 1-50, as if fully set forth herein and further states that this is an action against CAREERSOURCE PALM BEACH COUNTY, INC., PALM BEACH WORKFORCE DEVELOPMENT CONSORTIUM, AND TIMOTHY MOSS for race discrimination in violation of 42 USC Section 1981.

51. 42 U.S.C Section 1981(a) provides that [all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give

give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalities, taxes, licenses, and exactions of every kind, and to no other.

52. Moreover, for the purposes of 42 U.S.C. Section 1981, the term "make and enforce contracts" includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, priveleges, terms, and conditions of the contractual relationship."

53. Between approximately March 2020 and July 2020, CAREERSOURCE PALM BEACH COUNTY, INC, PALM BEACH WORKFORCE DEVELOPMENT CONSORTIUM AND TIMOTHY MASS subjected Plaintiff to disparate treatment and intentional discrimination because of Plaintiff's race, Black,

in violation of 42 U.S.C. Section 1981, including but not necessarily limited to CAREERSOURCE PALM BEACH COUNTY, INC., PALM BEACH WORKFORCE DEVELOPMENT CONSORTIUM, AND TIMOTHY MOSS.

54. Pursuant to 42USC Section 1988(b), Plaintiff is entitled to recover his reasonable attorneys' fees and cost from CAREERSOURCE PALM BEACH WORKFORCE DEVELOPMENT CONSORTIUM, and TIMOTHY MOSS.

55. Defendants terminated Plaintiff's employment on August 4, 2020 for reasons that they knew to be false and were instead a pretext to attempt to cover up unlawful discrimination against Plaintiff because of his race, Black, in violation of 42 USC. Section 1981.

56. Defendants violation of Plaintiff's rights under 42USC Section 1981 were intentional and undertaken with malice and a reckless

disregard for Plaintiff's rights as guaranteed under the laws of the United States. As such, Plaintiff is entitled to punitive damages against Defendants pursuant to 42 USC Section 1981 a(a)(1).

57. Hollis has suffered continuously loss of earnings, emotional distress, loss of self-esteem, and other injuries and damages as a direct result of Defendants violations of 42 USC Section 1981.

WHEREFORE, Plaintiff, Andrew Hollis, demands judgment against Defendants, for back pay, front pay, employment benefits, other compensation including boneses, compensatory damages, punitive damages, equitable relief including but not limited to front pay, injunctive relief, interest, attorney fees, cost, expert fees and such other and further relief as this Honorable Court deems proper.

Respectfully submitted,

Andrew Hollis

1675 Florida Mango Rd
West Palm Beach, FL

# Certificate of Service

I certify that this is a true and correct copy to the best of my knowledge. Filed on this day, 14th of April 2020. A copy has been mailed to the below parties:

Respectfully submitted

Andrew Hollis, ProSe

1) Paul Rodgers
701 Clematis Street
West Palm Beach, FL 33401

2) Career Source Palm Beach County
3400 Belvedere Rd
West Palm Bch, FL 33406